UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 2:18-cr-050 |
| ) | |
| ELLIOT LOYRANZY ARMSTRONG ) | |

PLEA AGREEMENT

Defendant **ELLIOT LOYRANZY ARMSTRONG**, represented by his counsel Steven G. Blackerby, and the United States of America, represented by Assistant United States Attorneys Jennifer J. Kirkland and Marcela C. Mateo, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to enter a plea of guilty to Count 1 of the Superseding Indictment, which charges violations of Title 21, United States Code, Section 846.

2. **ELEMENTS AND FACTUAL BASIS**

The elements necessary to prove Count 1 are (1) That two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; and (2) That the Defendant knew the unlawful purpose of the plan and willfully joined in it; and (3) That the object of the unlawful plan was to possess with the intent to distribute and distribute the cocaine. Defendant agrees that he is, in

fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Beginning on a date unknown to the Grand Jury, but as early as October 2017, up to November 2018, the precise dates being unknown, in Glynn County and surrounding counties, within the Southern District of Georgia, and elsewhere, the defendant, **ELLIOT LOYRANZY ARMSTRONG**, aided and abetted by the co-defendants and by others known and unknown, did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown, to possess with the intent to distribute and distribute the cocaine. All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.   **POSSIBLE SENTENCE**

Defendant's guilty plea to Count 1 will subject him to the following maximum possible sentence: Imprisonment of not more than 20 years, a supervised release term of at least 3 years, a $1,000,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment.

4.   **NO PROMISED SENTENCE**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else. The Court may impose a

2

sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.  **COURT'S USE OF SENTENCING GUIDELINES**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.  **AGREEMENTS REGARDING SENTENCING GUIDELINES**

   a.  *Use of Information*

Nothing in this agreement precludes the Government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

   b.  *Acceptance of Responsibility*

The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or

greater prior to any reduction for acceptance of responsibility, the Government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

7. **DISMISSAL OF OTHER COUNTS**

At sentencing, the Government will move to dismiss any other Counts of the Indictment that remain pending against Defendant, if applicable.

8. **FINANCIAL OBLIGATIONS AND AGREEMENTS**

   a. *Restitution*

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

   b. *Special Assessment*

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

   c. *Required Financial Disclosures*

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another.

Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

    d.    *Financial Examination*

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

    e.    *No Transfer of Assets*

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

    f.    *Material Change in Circumstances*

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

g.  *Enforcement*

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9.  **WAIVERS**

a.  *Waiver of Appeal*

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

b.  *Waiver of Collateral Attack*

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C.

§ 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    *FOIA and Privacy Act Waiver*

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    *Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver*

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10.    **DEFENDANT'S RIGHTS**

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine

7

adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11.  **SATISFACTION WITH COUNSEL**

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented his faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

12.  **21 U.S.C. SECTION 851 ENHANCEMENT**

The Government agrees not to file a Title 21, Section 851 enhancement against the Defendant, if applicable.

13.  **BREACH OF PLEA AGREEMENT**

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the Government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines.  In addition, the Government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. **ENTIRE AGREEMENT**

This agreement contains the entire agreement between the Government and Defendant. The Government has made no promises or representations except those set forth in writing in this Plea Agreement. The Government further denies the existence of any other terms or conditions not stated herein. No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

_____  
Date

_____  
Brian T. Rafferty  
Chief, Criminal Division

3/14/19  
Date

_____  
Jennifer J. Kirkland  
Assistant United States Attorney

_____  
Date

_____  
Marcela C. Mateo  
Assistant United States Attorney

9

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

2/22/19
Date

_____
Elliot Loyranzy Armstrong
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

2/22/19
Date

_____
Steven G. Blackerby
Defendant's Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 2:18-cr-050 |
| ) | |
| v. ) | |
| ) | |
| ELLIOT LOYRANZY ARMSTRONG ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 20 day of May 2019.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA